Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **Justin Botner,** | ) | No. |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **Jefferson Capital Systems, LLC; and** | ) | |
| **Collins Financial Services, Inc.;** | ) | (Jury Trial Demanded) |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**I.   Preliminary Statement**

1.   Plaintiff brings this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's

1    fees.

2    ## II.  Statutory Structure of FDCPA

3    2.   Congress passed the FDCPA to eliminate abusive debt
4         collection practices by debt collectors, to insure
5         that those debt collectors who refrain from using
6         abusive    debt    collection    practices    are    not
7         competitively   disadvantaged,   and   to   promote
8         consistent state action to protect consumers against
9         debt collection abuses. FDCPA § 1692.

10   3.   The FDCPA is designed to protect consumers who have
11        been  victimized  by  unscrupulous  debt  collectors
12        regardless of whether a valid debt exists.  <u>Baker v.</u>
13        <u>G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir.
14        1982).

15   4.   The FDCPA defines a "consumer" as any natural person
16        obligated or allegedly obligated to pay any debt.
17        FDCPA § 1692a(3).

18   5.   The  FDCPA  defines  "debt"  as  any  obligation  or
19        alleged  obligation  of  a  consumer  to  pay  money
20        arising out of a transaction in which the money,
21        property, insurance, or services which are the
22        subject  or  the  transaction  are  primarily  for
23        personal, family, or household purposes.  FDCPA §
24        1692a(5).

25   6.   The FDCPA defines "debt collector' as  any person

- 2 -

who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7.   Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III.   JURISDICTION

8.   Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## IV.   PARTIES

9.   Plaintiff is an individual residing in Maricopa County, Arizona.

10.  Plaintiff is allegedly obligated to pay a consumer debt and is a "consumers" as that term is defined by FDCPA § 1692a(3).

11.  Defendant   Jefferson   Capital   Systems,   LLC

- 3 -

1   ("Jefferson") is a Georgia limited liability company

2   with its primary place of business located at 16

3   McLeland Dr., St. Cloud, Minnesota 56303.

4   12.  Jefferson conducts business within the state of

5   Arizona, and is registered with the Arizona

6   Corporation Commission.

7   13.  Jefferson collects or attempts to collect debts owed

8   or asserted to be owed or due another.

9   14.  In the alternative, Jefferson collects or attempts

10   to collect debts it has purchased after default.

11   15.  Jefferson is licensed as a collection agency by the

12   Arizona Department of Financial Institutions,

13   license number 0905920.

14   16.  Jefferson is a "debt collector" as that term is

15   defined by FDCPA § 1692a(6).

16   17.  Defendant Collins Financial Services, Inc.

17   ("Collins") is a Texas corporation with its primary

18   place of business located at 2101 W. Ben White

19   Blvd., Suite 103, Austin, Texas 78704.

20   18.  Collins conducts business within the state of

21   Arizona, and is registered with the Arizona

22   Corporation Commission.

23   19.  Collins collects or attempts to collect debts owed

24   or asserted to be owed or due another.

25   20.  In the alternative, Collins collects or attempts to

1  collect debts it has purchased after default.

2  21. Collins is not licensed as a collection agency by

3  the Arizona Department of Financial Institutions.

4  22. Collins is a "debt collector" as that term is

5  defined by FDCPA § 1692a(6).

6  **V.   Factual Allegations**

7  23. Prior to 2008, Plaintiff purchased a Dell Computer

8  for personal, household and family purposes, which

9  was financed by American Investment Bank, N.A.

10  24. Plaintiff had several significant problems with

11  Computer, which Dell refused to repair.

12  25. Because of Dell's refusal to repair the computer,

13  Plaintiff stopped making payments on the account.

14  26. American Investment subsequently sold the account to

15  Collins.

16  27. In 2008, Collins filed suit against Plaintiff to

17  collect the American Investment debt.

18  28. Plaintiff defended the collection suit, which

19  ultimately settled with Collins.

20  29. As part of the consideration for settlement, Collins

21  gave Plaintiff a full release from the American

22  Investment debt.

23  30. Upon information and belief, sometime after July

24  2008, Collins assigned the American Investment debt

25  to Jefferson for collection purposes.

- 5 -

31. Upon information and belief, at the time Collins assigned the American Investment debt to Jefferson, it failed to notify Jefferson that the debt was disputed.

32. On or about August 28, 2009, Jefferson mailed or caused to be mailed a letter to Plaintiff concerning the American Investment debt. (A copy of the August 28, 2009 letter is attached hereto as Exhibit A).

33. In Exhibit A, Jefferson states that the amount due is $1,731.72.

34. Jefferson also states in Exhibit A, that the current creditor is Collins Financial Services, Inc.

35. Defendants' actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine practice of debt collection.

36. In the alternative, Defendants' actions were negligent.

## VI.   Causes of Action

### a.   Fair Debt Collection Practices Act

37. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

38. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(8), 1692e(10), 1692f(1), and

1 1692g.

2 ## VII.   DEMAND FOR JURY TRIAL

3 Plaintiff hereby demands a jury trial on all issues

4 so triable.

5 ## VIII.   PRAYER FOR RELIEF

6 WHEREFORE, Plaintiff requests that judgment be

7 entered against Defendants for:

8 a)   Statutory damages of $1,000 for each Defendant

9 pursuant to FDCPA § 1692k;

10 b)   Actual damages in an amount to be determined at

11 trial;

12 c)   Costs and reasonable attorney's fees pursuant to

13 §1692k; and

14 d)   Such other relief as may be just and proper.

15

16 DATED   November 2, 2009   .

17

18 s/ Floyd W. Bybee

19 Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**

20 4445 E. Holmes Avenue
Suite 107

21 Mesa, AZ 85206-3398
Office: (480) 756-8822

22 Fax: (480) 302-4186
floyd@bybeelaw.com

23 Attorney for Plaintiff

24

25

-7-